IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK FIASCKI | : | CIVIL ACTION |
| v. | : | |
| JOHN PALAKOVICH, et al. | : | NO. 09-CV-3528 |

MEMORANDUM AND ORDER

Ditter, J.                                                                     November 5, 2009

Petitioner, Frank Fiascki, has filed a *pro se* petition for federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254. For the reasons that follow, this petition is DENIED with prejudice.

FACTUAL AND PROCEDURAL HISTORY

On February 13, 2004, in the Court of Common Pleas of Chester County, Fiascki entered an open guilty plea to twenty-three counts of theft by failure to make the required disposition of funds received, 18 Pa. S.C.A. § 3927(a), and twenty-three counts of securities fraud, 70 P.S. § 401(a)(b)(c). All remaining counts were *nol prossed* as part of the plea agreement.[1] On March 12, 2004, Fiascki was sentenced to an aggregate term of ten to twenty years imprisonment and a consecutive twenty years probation. After he filed a motion for reconsideration of sentence, Fiascki's term of imprisonment was reduced to eight to twenty years but his probationary period remained the same.

Fiascki filed a counseled, timely appeal to the Superior Court of Pennsylvania on May 12,

---

[1] Fiascki had been charged with more than 1,000 counts relating to financial investment schemes involving numerous victims.

2004. He also filed an untimely, *pro se* appeal on July 29, 2004. On October 24, 2005, the Superior Court affirmed the judgment of sentence. *Commonwealth v. Frank Fiascki*, 886 A.2d 261 Pa. Super. 2005). Fiascki's petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on March 15, 2006. *Commonwealth v. Frank Fiascki*, 897 A.2d 451 (Pa. 2006) (table).

Fiascki filed a *pro se* petition for collateral review pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S. § 9541, *et seq.*, on October 20, 2006. After hearings in May, 2007, PCRA relief was denied by an order dated December 31, 2007. On October 21, 2008, the Superior Court affirmed the order of the PCRA court. *Commonwealth v. Frank Fiascki*, 964 A.2d 434 (Pa. Super. 2008) (table). Fiascki did not seek further review in the Pennsylvania Supreme Court.

Fiascki filed the instant petition for a writ of *habeas corpus*, dated July 21, 2009, on August 3, 2009. In his petition, Fiascki claims his trial counsel was ineffective for permitting Fiascki to enter an involuntary and unintelligent guilty plea, and in his handling of the sentencing. He also claims the Commonwealth's failure to "bring exculpatory evidence forward," and an "amendment of the indictment at the plea," led to an involuntary and unintelligent plea. On October 1, 2009, the Commonwealth filed its response asserting that the petition is untimely and otherwise without merit.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitation period for filing applications for writs of *habeas corpus*. 28 U.S.C.A. § 2244(d)(1). Specifically, 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244 further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Fiascki's judgment of sentence became final on June 13, 2006, when the time for the filing of a petition for a writ of *certiorari* with the United States Supreme Court expired. *Swartz v. Meyers*, 204 F.3d 417, 419(3d Cir. 2000) (judgment final after the expiration of the time for seeking *certiorari* has expired whether or not review is actually sought)). The limitations period is also subject to statutory tolling during the time a properly filed state collateral proceeding is pending. 28 U.S.C. § 2244(d)(2). A properly filed state petition is one that is "submitted according to the state's procedural requirements, such as the rule governing the time and place

for filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998).

Here, the limitations period began to run on June 14, 2006. It was tolled 129 days later, on October 20, 2006, when Farascki filed his PCRA petition. The order denying PCRA relief became final on October 21, 2008, when the time to petition for *allocatur* in the Pennsylvania Supreme Court expired. *Swartz*, 204 F.3d at 420-424. With 236 days of the limitations period remaining, Farascki was required to file for federal *habeas* relief on or before June 15, 2009. However, the earliest date the instant petition can be deemed filed is July 21, 2009, the date on which Fiascki's petition was signed. Burns v. Morton, 134 F.3d 109, 113 ("a *pro se* prisoner's petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court").

This petition is untimely and must be denied.[2] An appropriate order follows.

---

[2] Farascki does not assert any grounds for equitable tolling nor does it appear that he would satisfy any of the exceptions to the period of limitations set forth in § 2244(d)(1)(B)-(D). See Miller v. New Jersey Dept. of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998) (petitioner must show that he exercised reasonable diligence in bringing his claims; mere excusable neglect is not sufficient.)